UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARK W. GIVLER,

    Plaintiff,

v.                                                  No.:   3:11-cv-179
                                                        (VARLAN/SHIRLEY)

JEFFERY LAMBERT,
BILL FANCHER, and
KATHY WALKER,

    Defendants.

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Plaintiff, who is confined in the Blount County Detention Center, alleges he was assaulted by defendants Fancher and Lambert, and denied medical attention by defendant Walker. The matter is before the court on various non-dispositive motions filed by the plaintiff.[1]

The Court allowed process to issue as to the defendants Lambert, Fancher, and Walker. The U.S. Marshals Service served the summons and complaint upon the defendants by certified mail. Process was returned executed as to defendant Lambert. Process was returned unexecuted as to defendants Fancher and Walker; the envelope for defendant Walker was stamped with the notation "not deliverable as addressed, unable to forward" and the envelope for defendant Fancher was stamped with the notation "refused." Plaintiff moves the Court to order service upon defendants Fancher and Walker by hand. After process was

---

[1] There is also pending a motion for summary judgment filed by defendant Jeffery Lambert.

returned unexecuted, and prior to filing his motion, plaintiff sent a letter to the Court stating that defendant Fancher still works at the Blount County Detention Center, but that defendant Walker is no longer employed there and plaintiff is attempting to determine her address.

Under the circumstances, plaintiff's motion [Doc. 13] is **GRANTED** to the extent the Clerk is **DIRECTED** to issue alias summons for defendant Fancher, and the U.S. Marshals Service is **ORDERED** to personally serve copies of the summons and complaint upon defendant Bill Fancher at the Blount County Sheriff's Department, the Blount County Detention Center, or wherever the defendant may be found. The motion is **DENIED** at this time as to defendant Walker.

Plaintiff has filed a motion to clarify, in which he states that he filed a second action against the defendants when he had not heard anything about this prior case. The second action, *Mark W. Givler v. Bill Fancher, Jeffery Lambert, and Kathy Walker*, Civil Action No. 3:11-cv-221 (E.D. Tenn. Aug. 16, 2011) (Order of Dismissal) was dismissed without prejudice for failure to prosecute and to comply with the orders of the Court when plaintiff failed to return the service packets for the defendants. According to plaintiff, after mailing the complaint in the second action, he received the paperwork on this case and assumed the second complaint would be stricken from the record. Plaintiff's motion to clarify is more of an explanation than a motion, and for that reason the motion [Doc. 15] is **DENIED**.

Plaintiff has filed a motion for copies, in which he asks that copies of all documents in this case and his three other pending cases be sent free of charge to him and his sister, Ruthe Givler, who he states is an out-of-work paralegal. Plaintiff does not state why he

needs copies of documents that should already be in his possession and his sister, who is not a party to the case, clearly is not entitled to free copies of pleadings in plaintiff's cases. The motion for copies [Doc. 16] is **DENIED**.

Plaintiff has filed three motions for default judgment against defendant Lambert. Defendant Lambert has filed a motion for summary judgment in response to the complaint. Accordingly, the motions for default judgment [Docs. 21, 26, and 30] are **DENIED**.

Plaintiff has filed a motion for appointment of counsel. The appointment of counsel in a civil case is a matter within the discretion of the court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this court is of the opinion that counsel is not necessary at this time to ensure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motion for appointment of counsel [Doc. 27] is **DENIED**.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE