UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARK W. GIVLER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:11-cv-179 |
| | ) | (VARLAN/SHIRLEY) |
| JEFFERY LAMBERT, | ) | |
| BILL FANCHER, and | ) | |
| KATHY WALKER, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 filed by plaintiff Mark W. Givler ("plaintiff"). The matter is before the Court on the motion for summary judgment filed by defendant Jeffery Lambert. Plaintiff has not filed a response to the motion for summary judgment and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2.

For the following reasons, the motion for summary judgment filed by defendant Lambert [Doc. 19] will be **GRANTED**. In addition, the Court finds that the case should be dismissed as to the remaining defendants on the same grounds. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## I. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

## II.    Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. He brought this action during his confinement in the Blount County Detention Center. The defendants are Blount County correctional officers Bill Fancher and Jeffery Lambert and nurse Kathy Walker. Plaintiff alleges that on May 12, 2010, he was assaulted by defendants Fancher and Lambert, and denied medical attention after the assault by defendant Walker.

The U.S. Marshal was directed to serve the complaint upon the defendants, which was initially done by certified mail. Process was returned executed as to defendant Lambert. Process was returned unexecuted as to defendants Fancher and Walker; the envelope for defendant Fancher was stamped with the notation "refused" and the envelope for defendant Walker was stamped "not deliverable as addressed, unable to forward." [Docs. 8 & 9, respectively]. Plaintiff then filed a motion for hand delivery of the complaint upon defendants Fancher and Walker, after informing the Court that defendant Walker was no longer employed at the Blount County Detention Center but that defendant Fancher continued to be employed there. The Court granted the motion as to defendant Fancher and directed the U.S. Marshal to personally serve defendant Fancher. The motion was denied as to defendant Walker.

Process was again returned unexecuted. The deputy U.S. Marshal who attempted to personally serve defendant Fancher noted: "Subject on admin leave since April 20, 2012 receiving medical treatment at undisclosed location. HIPAA rules do not allow further search." [Doc. 38]. In the meantime, defendant Lambert filed a motion for summary

3

judgment contending that he is entitled to judgment as a matter of law on numerous grounds, including plaintiff's failure to exhaust his administrative remedies prior to filing the complaint.

### III. Discussion

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PRLA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88.

In his complaint, plaintiff stated that he filled out a grievance and a medical request to see a doctor, but never got an answer. Plaintiff did not, however, attach a copy of his grievance to his complaint.

In support of his motion for summary judgment, defendant Lambert has submitted his own affidavit as well as the affidavit of Captain Daniel E. Neubert, Jr. [Doc. 19, Motion for Summary Judgment, Attachments 1 & 2, respectively]. Defendant Lambert testifies that plaintiff did not file a grievance about the May 12, 2010, incident because Lambert would have received notice of the grievance and been given the opportunity to respond, and he has

4

never seen any grievance from plaintiff. [*Id*., Attachment 1, Affidavit of Jeffery L. Lambert, p. 2]. Attached to defendant Lambert's affidavit is an incident report, which indicates that plaintiff was charged with disorderly conduct on May 12, 2010. [*Id*., Exhibit 1, Inmate Incident Report].

Captain Neubert testifies that he is now and for 18 years has been the Facilities Administrator of the Blount County Detention Facility, and as such is the custodian of the inmate records at that facility. [*Id*., Attachment 2, Affidavit of Daniel E. Neubert, Jr., p. 1]. Captain Neubert further testifies that plaintiff did not file a grievance with regard to the May 12, 2010, incident. [*Id*. at 1-2]. Captain Neubert also testifies that plaintiff's medical records do not show that he requested medical attention after the May 12, 2010, incident. [*Id*. at 2.].

A copy of the Inmate Grievance Procedures for the Blount County Detention Facility is attached to Captain Neubert's affidavit. [*Id*., Exhibit 1, Policies and Procedures Manual, Section 7.06 Inmate Grievance Procedures]. These procedures provide that an inmate may file a grievance for the violation of his basic rights, for a prohibited act conducted by a correctional officer, and to correct an unsafe or unsanitary condition. The procedures also set forth the manner in which a grievance may be filed as well as the manner in which it should be addressed by the supervisors responsible for hearing grievances.

Based upon the record, plaintiff did not exhaust his administrative remedies prior to filing his complaint and his complaint is subject to dismissal for failure to exhaust. Accordingly, the motion for summary judgment filed by defendant Lambert will be granted on that basis. In addition, defendants Fancher and Walker have not been served with a copy

5

of the complaint within 120 days of the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. In any event, defendants Fancher and Walker would likewise be entitled to judgment as a matter of law based upon plaintiff's failure to exhaust his administrative remedies.

**IV.  Conclusion**

The motion for summary judgment filed by defendant Lambert will be **GRANTED**. In addition, this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE